# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

### CASE NO. 23-cv-24875-LEIBOWITZ/GOODMAN

AMERICAN SOCIAL IP, LLC, and
721 LAS OLAS BLVD., INC.,

      Plaintiffs,

v.

JERRY POWELL, an individual, and JOHN
DOE CORPORATION,

      Defendants.

_____/

## REPORT AND RECOMMENDATIONS RECOMMENDING DEFAULT

The Undersigned's September 13, 2024 Order required *pro se* Defendant Jerry Powell

("Powell" or "Defendant") to "[b]y no later than Friday, September 27, 2024, . . . file a notice

on CM/ECF listing both an email address and a telephone number where Plaintiffs' counsel

can reach him for purposes of conferring regarding this case." [ECF No. 47]. The Order

warned Powell that his "*pro se* status does not relieve him of his obligation to confer with

Plaintiffs' counsel." *Id. (citing Robinson v. Dothan Police Officer Shane Ash*, No. 1:16-CV-879-

WKW, 2017 WL 3883703, at *7 (M.D. Ala. Aug. 17, 2017), *report and recommendation adopted

sub nom. Robinson v. Ash*, No. 1:16-CV-879-WKW, 2017 WL 3882515 (M.D. Ala. Sept. 5, 2017)

('Though she proceeds *pro se*, [the] [p]laintiff is not relieved of her obligation under the rules-

-to include conferring with opposing counsel in an attempt to resolve issues prior to

involving the Court.')).” Powell did not file his notice on CM/ECF by the September 27, 2024 deadline.

Consequently, on October 1, 2024, the Undersigned issued a Show Cause Order requiring “Powell [to] file [by October 15, 2024] a memorandum explaining his failure to comply with the Undersigned’s Order [ECF No. 47] and showing cause why he should not be sanctioned for his non-compliance.” [ECF No. 53, p. 2]. The Show Cause Order also required Powell to, by the same deadline, “file a notice on CM/ECF listing both an email address and a telephone number where Plaintiffs’ counsel can reach him for purposes of conferring regarding this case.” *Id.*

The Show Cause Order warned Powell that:

> **If [he] fail[ed] to file either the memorandum or the notice listing both his email address <u>and</u> telephone number by the October 15, 2024 deadline, then the Undersigned [would] enter a Report and Recommendations, recommending that Defendant be defaulted.** “It is well-settled that the entry of a judgment by default is available to facilitate the exercise of the Court’s inherent power to manage its affairs” and “[f]ailure to obey a court’s order constitutes sufficient grounds for a default judgment.” *Hernandez v. H.O.N. Const. Co.*, No. 07-22388-CIV, 2009 WL 790122, at *2 (S.D. Fla. Mar. 24, 2009) (citing, among other cases, *Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 887 (5th Cir.1968)).[1]

*Id.* at 2–3 (footnote and underlined emphasis in original; bold emphasis added).

Powell failed to comply with the Order to Show Cause and the deadline for compliance has passed.

---

[1]     In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued before the close of business on September 30, 1981 would become binding precedent in the Eleventh Circuit.

## I.      Analysis

"Courts are vested with [the] inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases' and 'to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" *Calden v. Carnival Corp.*, No. 16-21119-CIV, 2017 WL 3773691, at *1 (S.D. Fla. June 22, 2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

Like all parties, *pro se* parties must follow court orders, rules, and practices and procedures. The failure to do so may result in sanctions, including the entry of a default. *See, e.g.*, *Lustig v. Stone*, 679 F. App'x 743, 745 (11th Cir. 2017) (affirming the district court's entry of default, pursuant to Fed. R. Civ. P. 55, for failure to comply with the court's rules and orders); *Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) ("Rule 41(b) authorizes a district court to dismiss an action for failure to obey a court order."). "[Sanctions] upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Bell v. Fla. Highway Patrol*, 476 F. App'x 856, 856 (11th Cir. 2012) (affirming dismissal of *pro se* plaintiff's complaint due to her failure to follow the court's orders).

The Undersigned **respectfully recommends** that the District Court enter a default against Powell for failure to follow the September 13, 2024 Order and the October 1, 2024 Show Cause Order.

## II.     Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the

3

District Judge. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

    **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on October 21, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies Furnished to:**
The Honorable David S. Leibowitz
Jerry Powell, *pro se*
All Counsel of Record